**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WILLIAM RICCARD,**

       **Plaintiff,**

-vs-              Case No. 6:97-cv-1390-Orl-31DAB

**PRUDENTIAL INSURANCE COMPANY OF AMERICA,**

       **Defendant.**

_____

# ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR RELIEF FROM ORDERS (Doc. No. 243)
>
> **FILED:** October 6, 2005
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

**I. Background**

William Riccard was demoted by his employer, Prudential Insurance Company, and later left its employ after being placed on disability. The result of Riccard's demotion was to lessen the amount of disability payments he received. In response, Riccard launched a bitter campaign against Prudential that has included the filing of four lawsuits; the filing of complaints alleging misconduct by Prudential with the Securities and Exchange Commission, the United States Attorney's Office, the Banking and Insurance Department of another; the filing of a motion for sanctions against Prudential and some of the attorneys representing it; and the filing of ethical complaints with the Bar Associations of two states against those attorneys.

*Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1282 (11th Cir. 2002) (affirming imposition of Rule 11 sanctions against plaintiff and his counsel for filing baseless Rule 11 motion; affirming entry of injunction against new filings against Prudential or its attorneys without permission from court due to history of filing "baseless, harassing actions"; and affirming imposition of civil contempt sanctions for violation of that injunction). In a later order in the same case, the United States Court of Appeals for the Eleventh Circuit determined that

> [m]ost of the bases for recusal Riccard set forth in [his latest motion for recusal] were related to matters he repeatedly had presented to the district court. The only new allegation concerned [Judge Presnell's] prior employment with a firm that had represented Prudential in the past. Riccard was aware of that fact at least as early as September 18, 2001, when he included it in an appellate brief that made allegations of conflicts of interest against the same judge. He did not file this recusal motion until January 31, 2003, after that judge had entered an order approving the fee award on remand.
>
> January 2003 was not a reasonable time after the grounds were known to file a motion to recuse when the grounds were known in September 2001. The district court did not abuse its discretion in denying the untimely motion to recuse.

*Riccard v. Prudential Ins. Co.*, Nos. 03-10593, 03-11664, and 03-12147, slip op. at 8 (11th Cir. Nov. 7th, 2003) (affirming amount of attorney's fees awarded as sanction; affirming denial of recusal; and affirming denial of leave to file bar complaints against Prudential's attorneys).[1]

And the bitter campaign continues. More than two and a half years after I denied his last motion for recusal (Doc. 218), and nearly two years after the appellate court affirmed that denial (Doc. 230), the Plaintiff, William Riccard ("Riccard"), again seeks recusal pursuant to 28 U.S.C. § 455 and relief from "all judgments and orders entered by Judge Presnell after recusal should have been entered." (Doc. 243 at 1). Riccard contends that links he recently discovered between

---

[1] This order is found in the instant case at docket entry 230.

-2-

myself, the Prudential Insurance Company of America ("Prudential"), and some attorneys who previously represented Prudential entitle him to such a result pursuant to Rule 60 of the Federal Rules of Civil Procedure.  (Doc. 244 at 3-4).  Prudential's attorneys have sought (Doc. 240) and received relief (Doc. 241) from having to respond to this motion.

## II.     Legal Standards

The United States Code provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  Moreover, a judge must disqualify himself if: (1) he has a personal bias or prejudice concerning a party; (2) in private practice, he served as lawyer in the matter in controversy; (3) in private practice, a lawyer with whom he previously practiced law served during the association as a lawyer concerning the matter; or (4) he has a financial interest in the subject matter in controversy or in a party to the proceeding or any other interest that could be substantially affected by the outcome of the proceeding.  28 U.S.C. § 455(b).

## III.    Legal Analysis

Riccard argues that I ought to have recused myself because I have a family member who works for a law firm that represented (and, for all I know, continues to represent) Prudential in other cases and which merged with one of the firms that represented Prudential in the instant case. Riccard also points to the fact that I did business with a Prudential affiliate at some point in the past.  As was the case with his previous efforts, Riccard's latest motion for recusal is entirely baseless.

It is a well-known fact that, prior to my appointment to the bench,[2] I was a long-time member of the Akerman Senterfitt firm — a fact that Riccard has known since at least September 2001.  It is also no secret that my wife, Cecelia Bonifay, has been a shareholder at that firm since before Riccard started suing Prudential.  For both these reasons, I have, throughout my tenure as a District Judge, recused myself from any case in which an Akerman Senterfitt attorney entered an appearance.

Throughout the course of this litigation, Akerman Senterfitt had no involvement.  Prudential was originally represented by Sonnenschein Nath & Rosenthal LLP and Katz, Kutter, Haigler, Alderman, Bryant & Yon, P.A. ("Katz Kutter").  Prior to the instant motion, my last involvement in this case occurred on April 15, 2003, when I entered a post-judgment order (Doc. 226) denying one of Riccard's many motions for reconsideration (Doc. 222).  An appeal of that order – and, as it happens, an order (Doc. 218) denying one of Riccard's earlier motions for recusal (Doc. 201) – soon followed.  (Doc. 227).  The Eleventh Circuit affirmed the those decisions on November 7, 2003.  (Doc. 230).  The case was closed on December 11, 2003.

Akerman Senterfitt did not represent Prudential in this case while it was being litigated, and it does not represent Prudential in this case now.  The then-impending merger between Akerman Senterfitt and Katz Kutter was publicly announced on February 19, 2004, after this case had been closed and well after my involvement in it had concluded.[3]  In response to the Plaintiff's

---

[2]I was appointed to the bench in August 2000, at which time the instant case was randomly reassigned to me along with a pro rata share of all the civil cases then pending in this division. (Doc. 87).

[3]I do not recall precisely when the merger closed, but I believe it occurred approximately a month after the February 19 announcement.

latest vexation, Prudential is represented by King, Blackwell, Downs & Zehnder P.A. (Doc. 240 at 5), not Akerman Senterfitt or Katz Kutter. Thus, my relationship and my wife's relationship with the Akerman firm are not and were not germane to these proceedings.

As indicated in a previous order (Doc. 218 at 10 n.7), I have no recollection of ever having represented Prudential as a lawyer. Since leaving Akerman Senterfitt, I have not been privy to the firm's clientele. Thus, I have no knowledge whether Akerman represents (or has represented) Prudential in other matters. Nor would that even be pertinent to the issue of recusal in this case. I suspect that Akerman has thousands of clients, many of whom have cases pending before this Court. Even if were aware of the fact, I would not be required to recuse myself if an Akerman Senterfitt client were to appear before me with other counsel. In that situation, I would not have a financial interest in a party or any other interest that might be substantially affected by the proceedings. Moreover, the appellate court has already rejected Riccard's argument that my prior employment with Akerman required recusal because Akerman had represented Prudential in other matters. (Doc. 230 at 9).

Riccard also seeks recusal on the basis that I once had a home mortgage with Prudential Home Mortgage Company, Inc. ("PHMC"), an affiliate of the Defendant.[4] However, this sort of ordinary business relationship would not require recusal even if it involved a party to the litigation,

---

[4]Riccard does not specify the period during which I had the PHMC mortgage. My recollection is that I obtained a mortgage via an independent mortgage broker, and the mortgage was transferred to PHMC before the institution of these proceedings. Subsequently, the mortgage was transferred to another entity, one not related to Prudential. Though I cannot recall the precise dates, PHMC may have held the mortgage during the course of these proceedings. PHMC did not sign a release of the mortgage until April 2003, but I believe that the transfer from PHMC occurred some time prior to that date.

much less an affiliate, as here. It is not a financial interest in PHMC or an interest that might be substantially affected by the outcome of Riccard's employment suit against Prudential. Nor does it even suggest the appearance of partiality. *See Delta Air Lines, Inc. v. Sasser*, 127 F.3d 1296 (11th Cir. 1997) (concluding that judges who had Frequent Flyer Program accounts with plaintiff airline were not required to recuse themselves in suit alleging improper resale of Frequent Flyer Program awards; such accounts were not "financial interests" as specified in 28 U.S.C. § 455 as they resulted from consumer transactions in the ordinary course of doing business and could not be substantially affected by the outcome of the case, and no reasonable person could question the impartiality of judges who had such accounts).

Riccard's other arguments – that my wife's name and the word "Prudential" appeared near each other in search engine results (Doc. 246 at 4-5), and that a random attorney with the last name of "Akerman" has represented Prudential (Doc. 246 at 6) – are entirely meritless and likely sanctionable. But this Court has already spent more time on this motion than it merited.

**IV.   Conclusion**

In consideration of the foregoing, the Plaintiff's Motion for Relief from Orders (Doc. 243) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 12, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party